CRAIG M. PETERS, NO. 184018
**ALTAIR LAW LLP**
465 California Street, 5th Floor
San Francisco, CA 94104
Phone: (415) 988-9828
Email: cpeters@altairlaw.com; tguedikian@altairlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>Meta Platforms, Inc. (d/b/a Meta, f/k/a Facebook, Inc.),<br><br>        Defendant. | CASE NO. 3:25-cv-9762<br><br>**COMPLAINT FOR DAMAGES**<br>**DEMAND FOR JURY TRIAL**<br><br>**1. 15 U.S.C. § 6851 (*multiple violations*)** |

1

**INTRODUCTION**

1.    The right to control the bounds of the disclosure of one's own intimate visual depiction is a well-established intellectual property right.

2.    15 U.S.C. § 6851 (hereinafter the "NCII Statute") was enacted by Congress to provide a civil remedy for the non-consensual disclosure of an individual's intimate image(s) (hereinafter "NCII"). In this case, during their relationship, Plaintiff consensually created intimate images of herself for her partner.  Subsequently, Plaintiff's ex-fiancé created several fake Facebook accounts. An additional fake Facebook account was also created by a minor, who acted as accomplice of the ex-fiancé.  As revenge over the breakdown of their relationship, Plaintiff's ex-fiancé posted intimate images of Plaintiff that she had created for him on the fake accounts, without her consent.  Plaintiff's intimate images were then disclosed on Facebook to persons who visited the fake accounts, without her consent, and were also disclosed via private messenger. The "minor-created" Facebook account also disclosed Jane Doe's NCII.

3.    Plaintiff made Defendant aware that the fake Facebook accounts were disclosing her intimate images without her consent.  Defendant was also made aware of a law enforcement/criminal investigation into the nonconsensual disclosure of Plaintiff's intimate images, including through these Facebook accounts.  Despite this knowledge, Defendant continued to disclose Plaintiff's intimate images without her consent, and in violation of the NCII Statute.

4.    Moreover, despite Meta stating that it restricts the display and disclosure of adult nudity and sexual activity and content that contains nudity or that sexually exploits children on Facebook, since the NCII Statute has been enacted, Facebook continues to disclose such content without sufficiently verifying the age of the depicted individual, or, if the individual is an adult, obtain the adult individual's consent to disclosure.  This reckless, nonconsensual disclosure of intimate images on Facebook is in direct violation of the NCII Statute and a violation of the depicted individual's intellectual property right(s).

2

**JURISDICTION**

5.      This is an action brought pursuant to 15 U.S.C. § 6851 ("NCII Statute") for liquidated damages based on the nonconsensual disclosure of Plaintiff's intimate images ("NCII") by Defendant.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under 15 U.S.C. § 6851 and also 28 U.S.C. § 1332 because this action involves citizens of different States and the matter in controversy exceeds $75,000, exclusive of interests and costs.

**PARTIES AND VENUE**

6.      Jane Doe[1] is a resident of North Carolina.

7.      Defendant Meta Platforms, Inc., d/b/a Meta, f/k/a Facebook, Inc., f/k/a The Facebook, Inc., (hereinafter Meta or Defendant) was incorporated in Delaware in 2004.  Upon incorporation, its principal business address was in Los Altos, California.  In 2005, the corporation's name was amended to Facebook, Inc. In 2021, the corporation's name was amended to Meta Platforms, Inc.  As of April 2024, Defendant's principal business address was in Menlo Park, California.  During all relevant times to this action, Defendant has been registered to do business in California, has maintained its principal business address in California, and has registered agent(s) in California.  During all times relevant to this action, Defendant's principal business address has been within the jurisdiction of this District.  During times relevant to this action, Defendant's principal business address has been in Santa Clara County, California and San Mateo County, California.   Defendant engages in continuous and systematic activity in California, including in this District, and did so during all times relevant to this action.

---

[1] Pursuant to 15 U.S.C. § 6851(a)(3)(B), Plaintiff has filed this action using a pseudonym to protect her identity and is requesting the Court grant the equitable relief.

3

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

## DIVISIONAL ASSIGNMENT

9.      Venue provisions in Facebook and Meta User Agreements set venue in the Northern District of California.  Meta's current principal place of business is in San Mateo County, which falls under the San Francisco/Oakland Division of this District.  Civil L.R. 3.2(d).  As such, this matter should be assigned to the San Francisco Division of the Court.

## RELEVANT LAW

10.      This claim is being brought pursuant to 15 U.S.C. § 6851, the NCII Statute, which provides for a civil cause of action for the nonconsensual disclosure of an individual's private intimate images, or NCII.

11.      The NCII Statute cause of action is for:

> An individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure

12.      The NCII Statute defines "disclosure" as to transfer, publish, distribute, or make accessible, and the use of the word "disclosure," "disclose," "disclosed," or "disclosing" in this complaint has the meaning imparted upon it by the statute.

## GENERAL FACTUAL ALLEGATIONS

13.      Facebook is a social networking site where users can post text, images, videos, and share direct messages.

14.      These posts or messages are then disclosed, as defined by the NCII Statute, by Facebook to the public and users of the platform.

4

15.    In October 2021, Facebook was rebranded as Meta, which brought together multiple apps and technologies under one new company brand.

16.    Defendant Meta's social media platforms include Facebook, Instagram, WhatsApp, Messenger and Threads.

17.    Since it was established in the early 2000s, Facebook has risen in popularity, and by 2022, Facebook had over two (2) billion daily active users ("DAUs") and monetizable daily active users ("mDAUs") globally.

18.    A DAU is the count of users who perform a certain action on a platform every single day; an mDAU is a DAU who also makes a purchase or transaction within a specific time frame, and a MAU is a monthly active user.

19.    As of the second quarter of 2022, Facebook had 1.91 billion mDAUs globally.

20.    On October 1, 2022, a federal civil cause of action relating to the nonconsensual disclosure of an individual's intimate image was created under 15 U.S.C. § 6851(the NCII Statute).

21.    The statute prohibited the disclosure of an individual's intimate images without the depicted individual's consent, or with a reckless disregard as to whether the depicted individual did not consent.  The statute defines an intimate image as a visual depiction of the uncovered genitals, pubic area, anus, or post-pubescent female nipple, the display or transfer of bodily sexual fluids onto any part of the body or from the body of the depicted individual, or the depicted individual engaging in actual or simulated sexually explicit conduct.[2]

22.    Meta claims to restrict the display of adult nudity and sexual activity on Facebook.

---

[2] "Sexually explicit conduct" is a defined term in the NCII Statute and is as defined in 18 U.S.C. § 2256(2)(A) & (B).  15 U.S.C. § 6851(a)(6).  Therefore, under the NCII Statute, "sexually explicit conduct" means actual or simulated sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex), bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the anus, genitals, or pubic area of any person.

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

23.    Despite these "claims," adult nudity and sexual activity is posted to and disclosed by Facebook.

24.    In 2022, Defendant acted on 127.9 million pieces of adult nudity/sexual activity; in 2023, Defendant acted on 169 million pieces of adult nudity/sexual activity; in 2024, Defendant acted on 168.7 million pieces of adult nudity/sexual activity; and over the first half of 2025, Defendant acted on 92.7 million pieces of adult nudity/sexual activity.

25.    Meta is aware that Facebook discloses adult nudity and sexual activity.

26.    Meta claims that it does not allow child nudity or child sexual exploitation content on Facebook.

27.    Despite these "claims," child nudity and child sexual exploitation content is posted to and disclosed by Facebook.

28.    In 2022, Defendant acted on 8.8 million pieces of child nudity and physical abuse and 92.2 million pieces of child sexual exploitation content; in 2023, Defendant acted on 7.3 million pieces of child nudity and physical abuse and 49.2 million pieces of child sexual exploitation content; in 2024, Defendant acted on nearly 5.6 million pieces of child nudity and physical abuse and 37.4 million pieces of child sexual exploitation content; and over the first half of 2025, Defendant acted on 4 million pieces of child nudity and physical abuse and 9.6 million pieces of child sexual exploitation content.

29.    Meta is aware that Facebook discloses child nudity and child sexual exploitation content.

30.    In reporting these numbers, Meta explains that the volume of content it acts on regarding Facebook is only part of the story because it does not reflect how long it took to detect the violation or how many times users saw that violation while it was on Facebook.  Facebook

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

users might have seen the content a few times, a few hundred times, or in excess of a thousand times before action is taken.

31.     Defendant has long known that people use Facebook for "revenge porn."  In an article entitled 'Detecting Non-Consensual Intimate Images and Supporting Victims,' Defendant states that 'when someone's intimate images are shared without their permission it can be devastating.  To protect victims, its long been our policy to remove non-consensual intimate images (sometimes referred to as revenge porn).'

32.     Despite the NCII Statute, Meta does not have a system in place to verify the age, and if an adult, the consent of an individual depicted in adult nudity or adult sexual activity content on Facebook, or to even prevent these images from being posted and then disclosed in the first place.

33.     In disclosing intimate visual depictions and/or sexually explicit images on Facebook, Defendant recklessly disregards whether the depicted individual has not consented to such disclosure.

34.     Jane Doe created several "intimate visual depictions," and/or images of "sexually explicit conduct" as defined in the NCII Statute, depicting herself, solely for her then fiancé.

35.     These intimate visual depictions are Jane Doe's intellectual property.

36.     As she created these images herself, Jane Doe consented to the creation of the intimate visual depictions but did not consent to further disclosure of these images other than to her then fiancé.

37.     During their separation, Jane Doe's ex-fiancé engaged in a malicious campaign to publicly humiliate and harm her.

7

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

38.     Plaintiff's ex-fiancé created several fake Facebook profiles using variations of Plaintiff's name and likeness.

39.     These fake Facebook profiles were used to send friend requests to acquaintances and strangers alike.

40.     These Facebook pages included Jane Doe's intimate images, which were posted without her consent.

41.     Facebook disclosed Plaintiff's NCII when visitors to these fake Facebook accounts viewed her NCII.

42.     In addition to posting these images on the fake Facebook profiles, Jane Doe's ex-fiancé also sent direct messages through Messenger to individuals containing the same intimate visual depictions.

43.     There were several intimate visual depictions shared, including but not limited to:

- 7/25/22 – 6:02 UTC - Unknown 1 sends video to Unknown 2
  7/25/22 – 6:04 UTC - Unknown 1 sends 2nd video to Unknown 2
- 7/25/22 – 6:14 UTC – Unknown 2 sends photo Unknown 1 (photo of woman who resembles Jane Doe but is not Jane Doe performing oral sex on male)
- 7/25/22 – 6:15 UTC – Unknown 1 sends video
- 7/25/22 – 6:15 UTC – Unknown 1 sends another video
- 7/25/22 – 6:18 UTC – Unknown 1 sends another video
- 7/25/22 – 14:32 UTC – Unknown 1 sends another video
- 7/31/22 – 4:36 UTC – Unknown 1 sends another video
- 7/31/22 -4:36 UTC – Unknown 1 sends a photo of Jane Doe (face and breast displayed)
- 7/31/22 – 4:50 UTC – Unknown 2 sends Unknown 1 a screenshot of Jane Doe's Facebook profile.
- 7/31/22 – 4:56 UTC- Unknown 1 sends photo of Jane Doe completely nude (face, breast, genitals)
- 7/31/22 – 4:59 UTC – Unknown 1 sends photo of Jane Doe (Face and genitals exposed)
- 7/31/22 – 5:00 UTC – Unknown 1 sends video
- 7/31/22 – 5:04 UTC – Unknown 1 sends video

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7/31/22 – 5:05 UTC – Unknown 1 sends photo of Jane Doe completely nude with full name "Jane Doe" imposed on the photo with smile emoji and hand emoji pointing to naked body
- 7/31/22 – 5:06 UTC – Unknown 1 sends photo of Jane Doe (Jane Doe in Bra holding sexual device)
- 7/31/22 – 5:07 UTC – Unknown 2 sends Unknown 1 video. (Process of ejaculating onto photo of Jane Doe)
- 7/31/22 – 5:19 UTC – Unknown 2 sends photo to Unknown 1 (photo of woman who resembles Jane Doe but is not Jane Doe performing oral sex on male)
- 7/31/22 – 5:28 UTC – Unknown 1 sends Unknown 2 photo of three people involved in group sex. Woman resembles Jane Doe but is not Jane Doe.
- 7/31/22- 5:28 UTC – Unknown 1 sends photo of Jane Doe bent over showing genitals
- 7/31/22 – 5:28 UTC – Unknown 1 sends photo of Jane Doe (clothed)
- 7/31/22- 5:29 UTC – Unknown 1 sends video
- 7/31/22 – 5:40 UTC- Unknown 1 sends video
- 7/31/22 -5:41 UTC – Unknown 1 sends video
- 7/31/22- 5:41 UTC – Unknown 1 sends photo of Jane Doe (face and lower body exposed)
- 7/31/22-5:42 UTC- Unknown 1 sends photo of Jane Doe (buttocks exposed wearing see through underwear)
- 7/31/22- 5:43 UTC- Unknown 1 sends photo of Jane Doe in a bra with sex device
- 7/31/22- 14:08 UTC – Unknown 1 sends photo to Unknown 2 – Jane Doe in bathing suit
- 7/31/22 – 14:11 UTC – Unknown 1 sends photo to Unknown 2 – Jane Doe in lingerie (no underwear) full body photo
- 8/1/22 – 4:32 UTC – Unknown 1 sends photo (Jane Doe in Bra)
- 8/1/22- 4:34 UTC- Unknown 1 sends photo (Jane Doe Face and Breast)
- 8/1/22 – 4:36 UTC- Unknown 1 sends photo (woman involved in group sex with 2 men) not Jane Doe but resembles Jane Doe
- 8/1/22- 4:41 UTC- Unknown 1 sends photo (woman involved in group sex with two men) not Jane Doe but resembles Jane Doe
- 8/1/22- 4:48 UTC- Unknown 1 sends video
- 8/1/22-5:05 UTC- Unknown 1 sends video
- 8/1/22-5:07 UTC- Unknown 1 sends photo of Jane Does genitals 8/1/22-5:18 UTC- Unknown 1 sends video
- 8/3/22-7:54 UTC- Unknown 1 sends photo of Jane Doe completely nude (full body)
- 8/3/22-7:55 UTC- Unknown 1 sends another photo of Jane Doe completely nude (full body)
- 8/3/22-21:56 UTC- Unknown 1 sends photo to Unknown 2 (shows photo of Jane Doe completely nude)
- 8/3/22-22:20 UTC- Unknown 1 sends video

9

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 8/3/22-27:47 UTC- Unknown 1 sends video
- 8/3/22-22:37 UTC- Unknown 2 sends photo (ejaculated onto photo of Jane Doe in bra holding sex device)
- 8/5/22-7:10 UTC- Unknown 2 sends link to sub-reddit where he posted the photos
- 8/5/22-7:15 UTC- Unknown 1 sends photo of the Reddit Post
- 8/5/22-7:16 UTC- Unknown 2 sends photo of reddit post (7 photos attached) 8/5/22-7:16 UTC- Unknown 2 sends reddit link again
- 8/5/22-7:2 3 UTC- Unknown 2 sends reddit link
- 8/5/22-7:38 UTC- Unknown 2 sends photo of Jane Doe (face and breast exposed)
- 8/5/22-16:17 UTC- Unknown 2 sends Jane Doe the link to reddit post containing nude photos.
- 8/3/22-19:57 UTC- Unknown 1 sends video
- 11/21/22-13:48 UTC- Fake Profile sends video
- 11/21/22-14:00- Unknown 3 sends photo of message thread containing sent and unsent messages with Fake Profile
- 11/21/22-7:14 UTC- Fake Profile sends photo of Jane Doe in bra and see through underwear
- 11/23/22-6:11 UTC- Fake Profile sends photo (Jane Doe's Breast exposed)
- 11/23/22-6:14 UTC- Fake Profile sends photo (Jane Doe's genitals)
- 11/23/22-6:20 UTC- Fake Profile sends photo (Jane Doe's face and lower body exposed)
- 11/23/22-6:29 UTC- Unknown 3 sends photo of message thread showing a picture of Jane Doe's genitals
- 11/23/22-7:22 UTC- Fake Profile sends photo of Jane Doe completely nude
- 11/23/22-7:27 UTC- Fake Profile sends photo of Jane Doe (face and genitals exposed with full name *Jane Doe * imposed on the photo)
- 11/23/22-7:33 UTC- Unknown 3 sends video
- 11/23/22- 21:57 UTC- Fake Profile sends photo of Jane Doe in bra holding sex device
- 11/24/22-13:07 UTC- Fake Profile sends photo of woman resembling Jane Doe involved in group sex with 4 men
- 11/24/22- 8:36 UTC- Fake Profile sent photo of woman resembling Jane Doe involved in group sex with 2 men
- 11/28/22-21:48 UTC- Fake Profile to Unknown 5 sent and unsent message Facebook Data File 3: Message thread between Fake Profile and Unknown 411/21/22-6:16 UTC- Fake Profile to Unknown 4 sent and unsent message Facebook
- 11/22/22- 14:23 UTC- Fake Profile sent and unsent 3 messages to Unknown 6 (himself)

10

- 11/10/22-4:36 UTC- Fake Profile sent and unsent messages (Reported Conversation section shows that it was the reddit link where intimate photos were posted)
- 12/1/22- 14:04 UTC- Fake Profile sent photo of Jane Doe with face and genitals exposed End of Facebook Search Warrant Perimeter
- 1/19/23 – Video Posted to Fake Profile timeline

44.    Plaintiff's NCII was disclosed by Facebook Messenger.

45.    Jane Doe did not consent to the disclosure of her NCII by Facebook or Facebook Messenger.

46.    On November 11, 2022, Jane Doe became aware that intimate visual depictions that she had created solely for her ex-fiancé were now available for people to see, and she promptly reported the violation to Facebook.

47.    Despite the report, Facebook failed to take any action to remove Plaintiff's NCII, and Facebook continued disclosing it.

48.    On November 16, 2022, Jane Doe filed a report with her local Sheriff's Office regarding the nonconsensual disclosure of her intimate images.

49.    As part of a law enforcement/criminal investigation, a search warrant was served on Meta on December 9, 2022, directing that her nonconsensual intimate images from July 1, 2022 – December 1, 2022, be removed.

50.    The search warrant application placed Meta on formal, judicial notice that the content hosted on its platform constituted evidence of a serious state crime regarding the nonconsensual disclosure of intimate images.

51.    Through the fake accounts, Facebook continued disclosing Plaintiff's NCII through at least January 26, 2023.

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

52.     After receiving no response from Facebook in response to her initial report of fake Facebook accounts disclosing her NCII, Jane Doe twice more reported the fake Facebook accounts, which included her NCII.

53.     Almost a year later, on December 5, 2023, Facebook responded denying the request and stating that the profiles do not go against community standards.

54.     As such, the fake Facebook accounts which contain, and disclose, Plaintiff's NCII remain active.

55.     Defendant knew that Jane Doe did not consent to disclosure of her intimate images on Facebook.

56.     Despite the knowledge that it is disclosing non-consensual intimate images, Meta has not implemented measures to prevent the disclosure of non-consensual intimate images.

57.     Despite the knowledge that it is disclosing non-consensual intimate images, Meta continues to do so without a meaningful system to verify the consent and age of depicted individuals.

58.     Facebook, and subsequently Meta, is, and was, willfully blind, and/or consciously avoided, and/or was deliberately indifferent, and/or reckless as to whether Jane Doe consented to Meta's disclosure of her intimate images on Meta.

59.     Meta acted in reckless disregard as to whether Jane Doe consented to the disclosure of her intimate images on Meta.

60.     Facebook, and subsequently Meta, disclosed Jane Doe's intimate images, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without Jane Doe's consent, knowing that Jane Doe did not consent to such disclosures

12

1   or in reckless disregard whether she consented to such disclosures, in violation of the NCII statute

2   and a violation of her intellectual property rights.

3       61.     As part of Meta's safety policies, it explicitly states that the website is committed

4   to making its users feel safe by removing content that could contribute to a risk of harm. It further

5   states that "content that threatens people has the potential to intimidate, exclude or silence others

6

7   and isn't allowed on [their] technologies."

8       62.     In that same vein, in Meta's Policy Details from April 28, 2022, the Policy states

9   that "once they become aware of apparent child exploitation, we report it to the National Center

10  for Missing and Exploited Children, in compliance with applicable law. We know sometimes

11  people share nude images of their own children with good intentions; however, we remove these

12

13  images because of the potential for abuse by others and to help avoid the possibility of other people

14  reusing or misappropriating the images."

15      63.     On September 29, 2022, Meta stated, "We remove real photographs and videos of

16  nudity and sexual activity, AI-or computer-generated images of nudity and sexual activity, and

17  digital imagery, regardless of whether it looks "photorealistic (as in, it looks like a real person).

18  As noted above, we also make careful allowances for real world art and certain medical,

19  educational, and awareness-raising content, and these are detailed in the policy."

20      64.     Defendant has long boasted of its ability to identify nude images that are shared

21

22  and disclosed on Facebook before anyone even reports it, and that it is committed to help people

23  who have been the targets of cruel and destructive exploitation like "revenge porn."

24      65.     While Meta claims to have the programing in place through machine learning and

25  artificial intelligence to proactively detect near-nude images and videos shared without consent,

26  the NCII of Jane Doe was not removed by these "proactive systems."

27

28

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

66.    The continued existence of Plaintiff's NCII on fake Facebook accounts, after receiving multiple direct reports from the Plaintiff and even a search warrant in a criminal investigation regarding NCII, constituted a direct failure to enforce Meta's own self-imposed policies against NCII.

67.    The NCII of Jane Doe completely falls in line with Meta's criteria for removal under its Adult Sexual Exploitation policy.

**FIRST CAUSE OF ACTION**

**Multiple Violations of 15 U.S.C. § 6851**

68.    Plaintiff Jane Doe adopts, re-alleges, and reaffirms the allegations in ¶¶ 1 – 67 as if each were fully set out herein, and further alleges as follows:

69.    Plaintiff is a depicted individual whose intimate visual depictions and/or sexually explicit conduct was disclosed, as defined in the NCII Statute, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, on Facebook and/or Facebook Messenger by Defendant Meta.

70.    Plaintiff did not consent to Defendant's disclosures.

71.    In disclosing the Plaintiff's intimate visual depictions, Meta knew that Plaintiff did not consent to such disclosures or recklessly disregarded whether Plaintiff consented to such disclosures.

72.    As a consequence, Plaintiff is entitled to recover liquidated damages in the amount of $150,000 for each and every disclosure to anyone of a nonconsensual intimate image of her by Defendant from July 1, 2022, to the present, as set forth in § 6851(b)(3)(A)(i).

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

73.    In addition, Plaintiff is entitled to recover the cost of the action, including attorney's fees and other litigation costs incurred; injunctive relief; and to maintain the confidentiality of Plaintiff using a pseudonym.[3]

**WHEREFORE,** Plaintiff prays that this Honorable Court award damages pursuant to 15 U.S.C. § 6851(b)(3)(A)(i); award attorney's fees and costs pursuant to 15 U.S.C. § 6851(b)(3)(A)(i); permit Plaintiff to proceed under pseudonyms pursuant to 15 U.S.C. § 6851(b)(3)(B); and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and Class Members hereby demand a trial by jury.

Dated: November 12, 2025                    ALTAIR LAW

                                            /s/ **Craig M. Peters**
                                            _____
                                            By: CRAIG M. PETERS
                                            Attorneys for Plaintiff

---

[3] See § 6851(b)(3)(B)

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

**VERIFICATION**

2

3

I declare under penalty of perjury that the foregoing Complaint is true and correct.

4

5

6

DATED: _11-12-25_____    _Jane Doe_____
                                                    Jane Doe[4]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 _____

27 [4] A version of this verification page has also been executed by Jane Doe under her real name, is in possession of counsel, and is available to the Court or to be filed under seal if the Court requires.

28

Jane Doe v. Meta Platforms, Inc.
Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL