UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

          Plaintiff,

     v.

META PLATFORMS, INC.,

          Defendant.

Case No. 25-cv-09762-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 30

Before the Court is Defendant Meta Platforms, Inc.'s motion to dismiss. ECF No. 30. The Court will grant the motion.

## I.     BACKGROUND

Plaintiff Jane Doe alleges that she "consensually created intimate images of herself for her partner." ECF No. 1 ¶ 2. She further alleges:

> Subsequently, Plaintiff's ex-fiancé created several fake Facebook accounts. An additional fake Facebook account was also created by a minor, who acted as accomplice of the ex-fiancé. As revenge over the breakdown of their relationship, Plaintiff's ex-fiancé posted intimate images of Plaintiff that she had created for him on the fake accounts, without her consent. Plaintiff's intimate images were then disclosed on Facebook to persons who visited the fake accounts, without her consent, and were also disclosed via private messenger. The "minor-created" Facebook account also disclosed Jane Doe's NCII [non-consensual intimate images].

*Id.* Defendant Meta Platforms, Inc. operates Facebook and Messenger. *Id.* ¶ 16. Doe allegedly "made Defendant aware that the fake Facebook accounts were disclosing her intimate images without her consent" and that there was "a law enforcement/criminal investigation into the nonconsensual disclosure of Plaintiff's intimate images, including through these Facebook accounts." *Id.* ¶ 3. However, Doe alleges, "Facebook failed to take any action to remove

Plaintiff's NCII," and "Facebook continued disclosing Plaintiff's NCII through at least January 26, 2023." *Id.* ¶¶ 47, 51.

On December 5, 2023, Facebook denied Doe's request for removal, "stating that the profiles do not go against community standards." *Id.* ¶ 53. Meta allegedly "knew that Jane Doe did not consent to disclosure of her intimate images on Facebook," and "[d]espite the knowledge that it is disclosing [NCII], Meta has not implemented measures to prevent the disclosure of [NCII]." *Id.* ¶¶ 55–56. Meta also "continues to [disclose NCII] without a meaningful system to verify the consent and age of depicted individuals." *Id.* ¶ 57. Although "Meta claims to have the programming in place through machine learning and artificial intelligence to proactively detect near-nude images and videos shared without consent, the NCII of Jane Doe was not removed by these 'proactive systems.'" *Id.* ¶ 65.

Doe brings a single claim for relief for multiple violations of 15 U.S.C. § 6851. That statute allows an individual to bring a civil action if their "intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure." 15 U.S.C. § 6851(b)(1)(A). "The term 'disclose' means to transfer, publish, distribute, or make accessible." 15 U.S.C. § 6851(a)(4).

Meta now seeks dismissal of the complaint with prejudice. ECF No. 30.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

United States District Court
Northern District of California

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Factual allegations need not be detailed, but they must be "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.  In determining whether a plaintiff has met the plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Dismissal for failure to state a claim should be with leave to amend, "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam).

Meta argues that dismissal of the complaint is proper because it is entitled to immunity under Section 230(c)(1) of the Communications Decency Act ("CDA"), under which "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  This is an affirmative defense.  *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 (9th Cir. 2024).  To survive a motion to dismiss, a plaintiff need not "plead facts that would prove (or even plausibly suggest) that [the] defense does not apply; they simply need to plead facts demonstrating a potential factual dispute that could affect *whether* the defense applies."  *Rabin v. Google LLC*, 725 F. Supp. 3d 1028, 1031 (N.D. Cal. 2024) (emphasis added).  "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."  *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 n.8 (9th Cir. 2018) (citation modified).

## IV.    DISCUSSION

"Immunity [under Section 230(c)(1)] applies when three criteria are met: the provider is an interactive computer service, the plaintiff is treating the entity as the publisher or speaker, and the information is provided by another information content provider."  *Rigsby v. GoDaddy Inc.*, 59 F.4th 998, 1007 (9th Cir. 2023).  Doe does not dispute that the first and third criteria are satisfied,

but she argues that she is not treating Meta as a publisher or speaker. She also argues that even if all three criteria from Section 230(c)(1) are met, her claim nonetheless survives under Section 230(e)(2), which provides, "Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property." 47 U.S.C. § 230(e)(2).

Neither of Doe's arguments is correct. First, Doe's claim treats Meta as a publisher or speaker. Doe argues that she alleges that Meta "distributes" or "makes accessible" her NCII, and that those activities are distinct from "publishing," but that argument is foreclosed by Ninth Circuit law. The Ninth Circuit has explained that "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) (en banc). An interactive computer service provider does not function as a publisher when it "is disseminating content that it created. . . . But if the provider is disseminating content created by others, it is functioning as a publisher and is immune from liability related to that content." *Doe 1 v. Twitter, Inc.*, 148 F.4th 635, 640 (9th Cir. 2025), *cert. denied sub nom. Doe v. X Corp.*, 224 L. Ed. 2d 832 (May 18, 2026); *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1103 (9th Cir. 2009) ("[R]emoving content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove."). Immunity does not apply solely because "a claim, including its underlying facts, stems from third-party content." *Calise*, 103 F.4th at 742. Instead, courts must ask two questions about the legal duty underlying a plaintiff's claims:

> First, what is the 'right' from which the duty springs? If it springs from something separate from the defendant's status as a publisher, such as from an agreement, or from obligations the defendant has in a different capacity, then § 230(c)(1) does not apply. Second, we ask what is this duty requiring the defendant to do? If it obliges the defendant to monitor third-party content—or else face liability— then that too is barred by § 230(c)(1).

*Id.* (citation modified).

Here, Doe alleges that Meta is disseminating content created by someone else. "This dissemination of content is a clear function of a publisher as required for immunity under section 230." *Doe v. Cloudflare, Inc.*, No. 25-cv-10300-AGT, 2026 WL 1805000, at *4 (N.D. Cal.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

June 23, 2026).  Moreover, even if her claim were not based on Meta's status as a publisher, Doe alleges a duty by Meta not to disclose NCII, which "would necessarily require [Meta] to monitor third-party content."  *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019).  Section 230(c)(1) immunity therefore applies to Doe's claim.  *Calise*, 103 F.4th at 742.

Second, Section 230(e)(2) does not apply to Doe's claim.  "[T]he intellectual property exception contained in § 230(e)(2) encompasses claims pertaining to an established intellectual property right under federal law, like those inherent in a patent, copyright, or trademark."  *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1053 (9th Cir. 2019).  The exception is to be interpreted narrowly, as the "CDA's stated congressional purpose counsels against an expansive interpretation of the exception that would diminish the scope of immunity."  *Id.*  Doe argues that Section 6851 falls within this exception because it is "based upon an individual's right to control the disclosure of their own intimate images, including images and depictions that the individual creates."  ECF No. 33 at 15.  However, as persuasively explained by another district court:

> The exception applies only when the claims arise from a law directly implicating intellectual property rights, not merely when intellectual property is involved in the claim.  And the statute under which Plaintiff sues—§ 6851—is not an intellectual property law.  Rather, it is concerned with whether the depicted individual *consented* to a specific disclosure of an intimate visual depiction—regardless who holds the copyright to the image.  Thus, § 6851 creates a privacy-based tort right of action, not an intellectual-property based one.

*Doe v. X Corp.*, 821 F. Supp. 3d 632, 641 (N.D. Tex. 2026) (emphasis in original) (citation modified).  In other words, "Plaintiff may own copyrights to her intimate images, but her claim under 15 U.S.C. § 6851 isn't predicated on whether she owns such copyrights."  *Doe v. Cloudflare*, 2026 WL 1805000, at *5.  Accordingly, "Section 230(e)(2)'s intellectual property exception does not apply in this case."  *Id.*

For the above reasons, the Court grants Meta's motion to dismiss the complaint.  Dismissal is with prejudice because Doe cannot plead additional facts that would bring her Section 6851 claim outside the scope of Section 230 immunity.  *See Doe v. X Corp.*, 821 F. Supp. 3d at 641–42 (denying leave to amend and dismissing case with prejudice); *Reaud v. Facebook Inc.*, No.

23-cv-06329-AMO, 2024 WL 4126066, at *5–6 (N.D. Cal. Sept. 9, 2024) ("Courts generally deny leave to amend when Section 230 applies to bar claims, which cannot be circumvented by amendment to add more factual allegations in support of the defeated claims").  Doe premises her complaint on allegations that Meta shared content it did not create without adequately monitoring that content.  As discussed above, those allegations bring this case squarely within Section 230 immunity, and Doe may not attempt "to circumvent the CDA's protections through creative pleading."  *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1266 (9th Cir. 2016) (citation modified).

## CONCLUSION

Meta's motion to dismiss is granted with prejudice.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  July 31, 2026



_____
JON S. TIGAR
United States District Judge