United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 25-cv-09762-JST<br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br>Re: ECF No. 43 |

The Court granted Defendant Meta Platforms, Inc.'s motion to dismiss and entered judgment on August 3, 2026. ECF Nos. 41, 42. On August 27, 2026, Plaintiff Jane Doe filed a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9. ECF No. 43. That rule applies "[b]efore the entry of judgment," Civil L.R. 7-9(a), and Doe's motion is therefore procedurally improper.

The Court also finds no merit to Doe's motion on the merits. She takes issue with the Court's reliance on *Doe v. X Corp.*, 821 F. Supp. 3d 632, 641 (N.D. Tex. 2026), to conclude that the intellectual property exception contained in 47 U.S.C. § 230(e)(2) does not apply to her claim. Contrary to Doe's argument, the Court considered—and applied the standard from—the Ninth Circuit's decision in *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040 (9th Cir. 2019). ECF No. 41 at 5 (order quoting *Malwarebytes*). The Court found *Doe v. X Corp.*'s analysis persuasive, as did another court in this district, which explained that the case was "consistent with the Ninth Circuit's reasoning in *Malwarebytes*." *Doe v. Cloudflare, Inc.*, No. 25-cv-10300-AGT, 2026 WL 1805000, at *5 (N.D. Cal. June 23, 2026).

Doe also now seeks to rely on *Hepp v. Facebook*, 14 F.4th 204 (3d Cir. 2021). She fails to explain why she did not cite that case—decided five years ago—in her opposition to the motion to

United States District Court
Northern District of California

dismiss. Moreover, the case is unhelpful to Doe. The court held that "state-law claims for violating [the plaintiff's] right of publicity . . . are encompassed within the intellectual property carve-out, § 230(e)(2)." *Id.* at 206. But Doe does not seek to rely on the right of publicity or on any other intellectual property rights related to the images she alleges were circulated unlawfully. Instead, her claim is based on an alleged lack of consent under 15 U.S.C. § 6851.

For all of the above reasons, Doe's motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: September 1, 2026

JON S. TIGAR
United States District Judge